G4IKSEIP                        PLEA

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4                  v.                        16 CR 279 (WHP)

5   ROWEN SEIBEL,

6                  Defendant.

7   ------------------------------x

8                                       New York, N.Y.
                                        April 18, 2016
9                                       11:10 a.m.

10  Before:

11                    HON. HENRY B. PITMAN,

12                                       Magistrate Judge

13

14                       APPEARANCES

15

    PREET BHARARA,
16       United States Attorney for the
         Southern District of New York
17  ROBIN W. MOREY
         Assistant United States Attorney
18
    ROBERT S. FINK
19  MICHAEL SARDAR
         Attorneys for Defendant
20
    ALSO PRESENT:
21
    PAUL WAGNER, Internal Revenue Service
22

23

24

25

2

1          THE DEPUTY CLERK:  United States against Rowen Seibel.

2          Counsel, please state your names for the record.

3          MS. MOREY:  Good morning, your Honor.  Robin Morey,

4   for the government.  With me at counsel table is Special Agent

5   Paul Wagner, of the Internal Revenue Service.

6          MR. FINK:  Robert Fink, for the defense, and --

7          MR. SARDAR:  Michael Sardar.

8          THE COURT:  One preliminary matter:  All attorneys in

9   the well of the court, if they have a cell phone should turn it

10  off at this point, not put it on silent, not put it on vibrate

11  but turn it off, so we can all give our undivided attention to

12  the matter at hand.

13          I understand there's an application on behalf of

14  Mr. Seibel?

15          MR. FINK:  Yes, your Honor.

16          THE COURT:  And the application is?

17          MR. FINK:  It is to waive an indictment.  We're going

18  to plead to an information, and the plea will be guilty.

19          THE COURT:  Okay.

20          I guess the first order of business will be for

21  Mr. Hampton to conduct the waiver of indictment allocution.

22          THE DEPUTY CLERK:  You are Rowen Seibel?

23          THE DEFENDANT:  Yes, I am.

24          THE DEPUTY CLERK:  Have you signed this waiver of

25  indictment?

1          THE DEFENDANT:  Yes, sir.

2          THE DEPUTY CLERK:  Before you signed it, did you

3   discuss it with your attorney?

4          THE DEFENDANT:  Yes, I did.

5          THE DEPUTY CLERK:  Did your attorney explain it to

6   you?

7          THE DEFENDANT:  He did.

8          THE DEPUTY CLERK:  Do you understand what you are

9   doing?

10          THE DEFENDANT:  I do.

11          THE DEPUTY CLERK:  Do you understand that you are

12   under no obligation to waive indictment?

13          THE DEFENDANT:  Yes, sir.

14          THE DEPUTY CLERK:  Do you understand that if you do

15   not waive indictment, if the government wants to prosecute you,

16   they will have to present this case to a grand jury, which may

17   or may not indict you?

18          THE DEFENDANT:  Yes, sir.

19          THE DEPUTY CLERK:  Do you understand that by signing

20   the waiver of indictment, you have given up your right to have

21   this case presented to a grand jury?

22          THE DEFENDANT:  Yes, sir.

23          THE DEPUTY CLERK:  Do you understand what a grand jury

24   is?

25          THE DEFENDANT:  Yes, sir.

1              THE DEPUTY CLERK:  Have you seen a copy of the

2     information?

3              THE DEFENDANT:  I believe so, sir, yes.

4              THE DEPUTY CLERK:  Do you want to take a look at it to

5     make sure?

6              THE DEFENDANT:  Oh -- yes, yes.

7              THE DEPUTY CLERK:  Do you waive its public reading?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Let me ask Mr. Hampton to place two

10    documents before Mr. Seibel.  There's a one-page document

11    entitled "Consent To Proceed Before a Magistrate Judge On A

12    Felony Plea Allocution" and a document in the form of a letter

13    marked Court Exhibit 1.

14              Mr. Seibel, two documents have been placed before you.

15    I want to first discuss with you the one-page document entitled

16    "Consent To Proceed Before A United States Magistrate Judge On

17    A Felony Plea Allocution."

18              Do you see the one-page document?

19              THE DEFENDANT:  Yes, sir.

20              THE COURT:  Does your signature appear on the bottom

21    of it?

22              THE DEFENDANT:  Yes, your Honor.

23              THE COURT:  Did you read it before you signed it?

24              THE DEFENDANT:  Yes.

25              THE COURT:  Did you discuss it with your attorney

G4IKSEIP                         PLEA

1    before you signed it?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Do you understand that you have the right

4    to have your plea taken by a district court judge instead of a

5    magistrate judge?  Do you understand you have that right?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Do you understand that by signing that

8    piece of paper, you're giving up your right to have your plea

9    taken by a district court judge and consenting to have it taken

10   by a magistrate judge?  Do you understand that's the effect of

11   your signature on that piece of paper?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Has anyone made any promises to you or has

14   anyone made any threats to you or has anyone used any force

15   against you to induce you to consent to proceed before a

16   magistrate judge?

17             THE DEFENDANT:  No, sir.

18             THE COURT:  There is a second document before you in

19   the form of a letter marked Court Exhibit 1.

20             Do you see Court Exhibit 1?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Does your signature appear on the last

23   page of Court Exhibit 1?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Did you read Court Exhibit 1 before you

G4IKSEIP                          PLEA

1   signed it?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Did you discuss Court Exhibit 1 with your

4   attorneys before you signed it?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  And is Court Exhibit 1 an agreement with

7   the government concerning your plea this morning?

8              THE DEFENDANT:  I believe so, sir, yes.

9              THE COURT:  Do you want to take a look to make sure it

10  is?

11             THE DEFENDANT:  Yes.

12             THE COURT:  It is?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Okay.  Thank you.

15         Mr. Hampton has a copy of the information which is

16  marked as Court Exhibit 2, which I'm going to ask him to place

17  before Mr. Seibel at this time.

18         I'm also going to ask Mr. Hampton to please place

19  Mr. Seibel under oath at this time.

20             (Defendant sworn)

21             THE COURT:  Mr. Seibel, you've now been placed under

22  oath.  If you make a false statement during these proceedings,

23  you can be prosecuted for perjury.  Do you understand that?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Mr. Seibel, the law requires that I ask

1    you a number of questions to ensure that your plea is knowing

2    and voluntary in all respects, to ensure that you understand

3    what you're doing here this morning, and to ensure that you

4    understand the consequences of what you're doing.  If you don't

5    understand any question that I ask you, tell me that you don't

6    understand the question and I'll either try to clarify the

7    question or give you a chance to speak with your attorneys so

8    that you understand exactly what I'm asking.

9            In addition, if at any time during these proceedings,

10   you want to speak with your attorneys for any reason

11   whatsoever, just tell me that you want to speak with your

12   attorneys and I'll give you the chance to speak with them

13   privately.  Do you understand that?

14            THE DEFENDANT:  Yes, sir.

15            THE COURT:  Please state your full name.

16            THE DEFENDANT:  Rowen Seibel.

17            THE COURT:  How old are you, sir?

18            THE DEFENDANT:  I'm 34.

19            THE COURT:  How far did you get in school?

20            THE DEFENDANT:  College graduate.

21            THE COURT:  Have you recently been treated for any

22   type of mental illness?

23            THE DEFENDANT:  No, sir.

24            THE COURT:  Have you recently been treated for drug

25   addiction of any kind?

G4IKSEIP                          PLEA

1          THE DEFENDANT:  No, sir.

2          THE COURT:  Have you recently been treated for

3    alcoholism?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  Have you had any beer, wine or liquor

6    within the last 24 hours?

7          THE DEFENDANT:  No.

8          THE COURT:  Have you taken any kind of drugs or

9    medication, legal or illegal, within the last two days?

10          THE DEFENDANT:  No, sir.

11          THE COURT:  Are you currently under the care of any

12    kind of doctor or other health care provider?

13          THE DEFENDANT:  No.

14          THE COURT:  In general, do you feel clearheaded today

15    and able to understand what's going on around you?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Are either the government or defense

18    counsel aware of any physical, psychological or emotional

19    condition that might prevent Mr. Seibel from entering a guilty

20    plea today?

21          MS. MOREY:  The government is not.

22          MR. FINK:  No, your Honor.

23          THE COURT:  Mr. Seibel, have you received a copy of

24    the information which has been filed against you and has been

25    marked as Court Exhibit 2?

G4IKSEIP                          PLEA

1               THE DEFENDANT:  Yes, sir.

2               THE COURT:  Have you had a chance to read the

3     information and to discuss it with your attorneys, Mr. Fink and

4     Mr. Sardar?

5               THE DEFENDANT:  I have, sir.

6               THE COURT:  Are you generally satisfied with their

7     representation of you in this case and with the advice that

8     they have given to you?

9               THE DEFENDANT:  Yes, sir.

10              THE COURT:  Is it your intention here to plead guilty

11    to Count One of that information?

12              THE DEFENDANT:  Yes, sir.

13              THE COURT:  I want to discuss with you briefly the

14    nature of the charge against you, the elements the government

15    would have to prove at trial beyond a reasonable doubt to

16    establish your guilt, and the penalties you face if your plea

17    is accepted.

18              Do you understand that Count One of the information

19    charges you with violating Title 26, United States Code,

20    Section 7212?  In general terms, that statute makes it a crime

21    to corruptly attempt to obstruct or impede the administration

22    of the Internal Revenue laws.  Do you understand that's the

23    nature of the charges against you?

24              THE DEFENDANT:  Yes, sir.

25              THE COURT:  Do you understand that in order to

G4IKSEIP                          PLEA

1    establish your guilt at trial, the government would have to

2    prove the following elements beyond a reasonable doubt:  First,

3    that you acted corruptly; and, second, that you acted with the

4    intent to impede or obstruct the due administration of the

5    Internal Revenue laws?  Do you understand those are the two

6    elements the government would have to prove at trial to

7    establish your guilt?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Do you understand that if your plea is

10   accepted, you face a maximum sentence of three years'

11   imprisonment, a maximum term of supervised release of one year,

12   a maximum fine of the greatest of $250,000 or twice the gross

13   pecuniary gain derived from the offense or twice the gross

14   pecuniary loss to persons other than yourself, a special

15   assessment of $100, and that in addition to the foregoing the

16   Court must also impose an order of restitution directing that

17   you pay back to the government any ill-gotten gain or anything

18   you may have purchased with the proceeds of your criminal

19   conduct?  Do you understand those are the sentences or the

20   punishments you face if your plea is accepted?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Do you understand that under the

23   Sentencing Reform Act of 1984, the United States Sentencing

24   Commission has issued advisory guidelines for judges to consult

25   in imposing sentences in criminal cases?  Do you understand

1    that?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Have you and your attorney discussed how

4    the guidelines might apply in your case?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  And you understand that the Court will not

7    be able to determine the appropriate sentence for your case

8    until a document called a presentence report has been prepared

9    and until both you and the government have had the opportunity

10   to review the report and make any challenges you have to the

11   facts in the report and to the guideline range recommended by

12   the probation department?  Do you understand that?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  And do you understand that the guideline

15   range found to apply in your case may turn out to be different

16   from any range you discussed with your attorney or any range

17   you've agreed to with the government?  Do you understand that?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  And you understand that after your

20   guideline range has been determined, the Court has the

21   authority to depart from the guidelines and to impose a

22   sentence that's either more severe or less severe than the

23   sentence called for by the guidelines?  Do you understand that?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Do you understand that parole has been

G4IKSEIP                        PLEA

1    abolished in the federal system and that if you are sentenced

2    to a term of imprisonment, you will not be released on parole?

3    Do you understand that?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Do you understand that if supervised

6    release is imposed as part of your sentence and you violate any

7    term of your supervised release, you can be returned to jail

8    for the full term of supervised release, with no credit being

9    given for the time spent on release up to the date of the

10   violation?  Do you understand that?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Do you understand that as part of your

13   agreement with the government, you're stipulating to a

14   sentencing range of 12 to 18 months?  Do you understand that?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Do you understand that you're giving up

17   any right you might otherwise have to challenge the sentence

18   that's imposed upon you so long as the sentence is not greater

19   than 18 months?  Do you understand that?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Do you understand that if the Court were

22   to impose a sentence of less than 12 months, the government

23   could appeal that sentence and seek a sentence within the

24   agreed range of 12 to 18 months?  Do you understand that?

25             THE DEFENDANT:  Yes, sir.

1          THE COURT:  Do you understand that your agreement with

2     the government concerning sentencing is not binding on the

3     Court and the Court retains the power to impose any legal

4     sentence, including a sentence of up to three years'

5     imprisonment?  Do you understand that?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Do you understand that if the Court

8     imposed a sentence greater than 18 months, you would have the

9     right to appeal the sentence and to seek a sentence within the

10    range of 12 to 18 months, but you would not be permitted to

11    withdraw your guilty plea simply because the sentence was

12    greater than you expected?  Do you understand that?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Mr. Seibel, a plea to a felony can also

15    have immigration consequences for individuals who are not U.S.

16    citizens.

17          Do you understand that if you're not a United States

18    citizen, another consequence of your plea is that at the

19    conclusion of your sentence you will be deported or removed

20    from the United States and prohibited from ever reentering the

21    United States?  Do you understand that's another consequence of

22    your plea but only if you're not a U.S. citizen?  Do you

23    understand that?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  I want to discuss with you the nature of

1    some of the rights you're giving up by pleading guilty.  Do you

2    understand that you have the right to plead not guilty to the

3    charges against you and you have the right to persist in that

4    plea at all stages of the proceedings against you?  Do you

5    understand you have those rights?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Do you understand that if you chose to

8    plead not guilty, you'd have the right to the assistance of

9    counsel at all stages of the proceedings against you and the

10   right to have counsel appointed for you if you could not afford

11   counsel?  Do you understand you'd have those rights?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Do you understand if you chose to plead

14   not guilty, you'd have the right to a trial by a jury?  At a

15   trial, you'd be presumed innocent and the government would have

16   to prove your guilt beyond a reasonable doubt.  At a trial,

17   you'd have the right to the assistance of counsel, the right to

18   have counsel appointed if you could not afford counsel; you

19   would have the right to see and hear all the witnesses against

20   you and the right to have those witnesses cross-examined or

21   questioned in your own defense.  At a trial, you'd have the

22   right to testify and the right to offer evidence in your

23   defense.

24             Conversely, you'd also have the right to decline to

25   testify or to decline to offer evidence; and if you chose not

1    to testify or chose not to offer evidence, those facts could

2    not be used against you.

3            Finally, at a trial, you'd have the right to the

4    issuance of compulsory process to compel witnesses to come to

5    court and give testimony in your behalf.

6            Do you understand you'd have all those rights if you

7    chose to plead not guilty and go to trial?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  And you understand that by entering a plea

10   of guilty, if the plea is accepted, there will be no trial and

11   you'll be giving up your right to a trial as well as all the

12   other rights associated with a trial that I just described to

13   you?  Do you understand you're giving up all those rights?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  Apart from the agreements that are set

16   forth in Court Exhibit 1, the letter agreement that you

17   identified at the outset of these proceedings, has anyone made

18   any other promises to you or has anyone made any threats to you

19   or has anyone used any force against you, to induce you to

20   plead guilty?

21           THE DEFENDANT:  No, sir.

22           THE COURT:  Are you pleading guilty because you are in

23   fact guilty?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Can you tell us, please, what it is you

G4IKSEIP                         PLEA

1      did that makes you guilty of Count One of the offense charged

2      in the information before you that's marked as Court Exhibit 2?

3                  THE DEFENDANT:  On my IRS Form 1040 for the year 2008,

4      where it asks "Did you have a financial interest in or signator

5      authority over a financial account located in a foreign

6      country?" I corruptly answered the question "No" when I knew

7      that answer was incorrect.  At the time, I knew that my mother

8      had placed her monies into a foreign account held under my

9      name, with her having the power of attorney over the foreign

10     account.

11                 I did this in order to aid my mother in failing to

12     make payments of taxes related to that account.  This was done

13     in Manhattan, which is within the Southern District of New

14     York.

15                 THE COURT:  Does the government believe any further

16     inquiry is necessary concerning the facts of the offense?

17                 MS. MOREY:  No, your Honor.

18                 THE COURT:  Does the government represent that it has

19     facts in its possession to prove Mr. Seibel's guilt beyond a

20     reasonable doubt?

21                 MS. MOREY:  Yes, we do.

22                 THE COURT:  Mr. Seibel, how do you plead to Count One

23     of the information that's before you and marked as Court

24     Exhibit 2, guilty or not guilty?

25                 THE DEFENDANT:  Guilty.

G4IKSEIP                        PLEA

1          THE COURT:  Does the government believe any further

2     inquiry is necessary concerning any matter?

3          MS. MOREY:  No, your Honor.

4          THE COURT:  Mr. Fink, do you believe any further

5     inquiry is necessary concerning any matter?

6          MR. FINK:  No, your Honor.

7          THE COURT:  Based on his appearance, his physical

8     demeanor and his answers to all the foregoing questions, I find

9     that the defendant is fully competent and capable of entering

10     an informed and voluntary plea, that he is aware of the nature

11     of the charges and the consequences of the plea, and that the

12     plea is knowing and voluntary and supported by an independent

13     basis in fact as to each of the essential elements of the

14     offense.  I therefore accept the plea and recommend that the

15     district court accept the plea.

16          Has this matter been assigned to a judge yet?

17          MS. MOREY:  Yes; to Judge Pauley.  And Judge Pauley

18     has set a sentencing date of August 19th at 2:30 p.m.,

19     August 19th, 2016.  2:30 p.m.

20          THE COURT:  I'm sorry, is there something else?  Did

21     you want to add something else?

22          MS. MOREY:  No, no, sir.

23          THE COURT:  Sentencing will proceed on August 19th at

24     2:30 p.m.

25          A presentence report will be ordered.  We will mark

18

1  the form that defense counsel should be present for the

2  interview.

3            I'm going to direct that defense counsel promptly

4  contact the probation department so that the presentence

5  interview can be scheduled within the next 14 days, and I'm

6  also going to direct the government to submit the prosecution

7  case summary to the probation department within the next 14

8  days.

9            I understand this is the defendant's initial

10 appearance?

11           MS. MOREY:  Yes, it is, your Honor, so we would need

12 to set bail and --

13           THE COURT:  Has he been to the marshals yet for

14 fingerprinting and processing?

15           MR. WAGNER:  He has not.

16           THE COURT:  I'm also going to direct the defendant

17 immediately after today's proceeding report to the marshals for

18 fingerprinting and processing.

19           And that takes us to the question of bail.  Let me

20 hear from the government first and then I'll hear from defense

21 counsel.

22           MS. MOREY:  The defense counsel can confirm this, but

23 we've discussed bail and we have a proposed package for your

24 consideration.

25           THE COURT:  Okay.

G4IKSEIP                              PLEA

1          MS. MOREY:  A $2,000 personal recognizance bond,

2     signed only by the client, after which he can be released;

3     surrender of his passport to pretrial -- I believe he may have

4     already done that or he will do it today.

5          MR. SARDAR:  Yes.

6          MS. MOREY:  -- the bail limits be extended to the

7     Continental United States because he has business interests

8     across the country.  No pretrial supervision or no drug

9     testing.

10         THE COURT:  Do I understand the bail conditions to be

11    a $2,000 PRB, travel limited to the Continental United States,

12    surrender of travel documents, no new applications?  Is that

13    right, government?

14         MS. MOREY:  Yes, your Honor.

15         THE COURT:  Mr. Fink, is that correct?

16         MR. FINK:  Yes, your Honor.

17         THE COURT:  Let me just ask one question.  I'm looking

18    at the pretrial services report.  I take it both sides have the

19    pretrial services report.

20         MS. MOREY:  No, actually, I have not reviewed it.

21         THE COURT:  Do you have it, Mr. Fink?

22         MR. FINK:  No, your Honor.

23         THE COURT:  Well, I'll give you my copy to take a look

24    at.

25              Pretrial services reports that under -- there's a

1   section that deals with the defendant's monthly cash flow and

2   it indicates he's got an expense of $200,000 a month for

3   groceries and supplies.

4           Mr. Hampton, hand this to the government and then

5   maybe hand it to Mr. Fink to take a look at.

6           MR. FINK:  That's a mistake, your Honor.

7           THE COURT:  I presumed it is.

8           What should the correct number be?

9           THE DEFENDANT:  I think I said 2,000.

10          THE COURT:  That makes much more sense.  Okay, all

11  right.

12          I will approve the bail package to which the parties

13  have agreed, which is a $2,000 PRB, travel limited to the

14  Continental United States, surrender of all travel documents,

15  no new applications.

16          Mr. Seibel, bail terms have been set for you and

17  you're going to be released today.  I want to advise you that

18  if you fail to appear in court whenever you're required to, a

19  warrant will issue for your arrest, you will owe the government

20  $2,000, and you can be charged with the offense of

21  bail-jumping.  You could be separately prosecuted and

22  separately sentenced for bail-jumping, regardless of the

23  outcome of the sentence imposed in connection with the tax

24  matter.  Do you understand that?

25          THE DEFENDANT:  Yes, sir.

G4IKSEIP                      PLEA

1          MS. MOREY:  Your Honor, you just said he would have to

2    pay $2,000 to the United States.  Did you mean 200,000?

3          THE COURT:  I thought you told me the PRB was $2,000.

4          MS. MOREY:  Oh, then I misspoke.  It's $200,000 PRB.

5          THE COURT:  Is that correct, Mr. Fink?  It's $200,000

6    PRB?

7          MR. FINK:  It doesn't matter, your Honor.  We're not

8    fleeing.

9          THE COURT:  All right, so the agreement on the bail

10   terms that was a $200,000 PRB, correct?

11         MR. FINK:  That's fine with us.

12         THE COURT:  Yes?

13         MR. FINK:  It's fine with us, yes.

14         THE COURT:  Okay.

15         I thought you said $2,000.

16         MS. MOREY:  I am known for misspeaking --

17         THE COURT:  Okay, all right.

18         MS. MOREY:  -- numbers.

19         THE COURT:  Anything else from the government?

20         MS. MOREY:  No, not from the government.

21         THE COURT:  Okay.  Mr. Fink, anything else?

22         MR. FINK:  No, your Honor.

23         THE COURT:  Okay.  Thank you, all.

24         (Adjourned)

25